WILLIAM A. KOBBE, Respondent, v. WILLIAM LANDECKER *et al.*, Appellants.

*Witness—Assignor.*—The payee and assignor of a promissory note is not a competent witness for the maker to prove a defence that avoids the note. (R. C. 1855, p. 1577, § 6, s. d. 2.)

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Harding*, for appellants.

The deposition of Joseph Lessler should have been admitted. The ground of his exclusion was that he was the assignor of a chose in action called to testify as to facts in relation thereto which occurred prior to his assignment. But it is contended that the endorser of a negotiable promissory note is not the assignor of a chose in action within the contemplation of our statute concerning witnesses. (Hicks v. Wirth, 10 How. Prac. R. 355, where the question is fully discussed; How. N. Y. Code, 597, § 399.)

*John A. Goodlett*, for respondent.

I. The notes are made payable at St. Louis, and are therefore, by the statute of the State, *non-negotiable*.

II. By the statute, (R. C. 1855, p. 1577, § 6,) the assignor of the note was not a competent witness.

DRYDEN, Judge, delivered the opinion of the court.

This is a suit against Landecker *et al.*, the makers of two promissory notes, payable to Lessler & Joseph, and by them

assigned to the plaintiff. The defendants, by their answer, admit the assignment of the notes to the plaintiff by Lessler & Joseph; but, by way of destroying the operation of the same, charge that the payees made the assignments as collateral security for certain large sums of money lent and advanced to them by the plaintiff at the time of the assignments, in the State of New York, upon a contract then and there made, which, by the laws of New York, was usurious, and void.

On the trial of the case in the court below, the defendant, in support of the defence set up in the answer, offered to read the deposition of Lessler, one of the assignors; but the court, upon the objection of the plaintiff, refused permission to read it, and a verdict and judgment were rendered for the plaintiff, from which the defendants have appealed to this court.

The question presented in the case is as to the competency of the witness Lessler, who is the assignor of the notes sued on. For some purposes—and it may be for some parties—an assignor is a competent witness, but for others he is not. What are the precise limitations and extent of his competency is not always easily determined, depending as it does upon the nature of the facts to which he is called to testify—the time when they transpired, and, it may be, upon the question, by whom he is called.

The second subdivision of the sixth section of the act concerning witnesses, (R. C. 1855, p. 1577,) governing the case under consideration, makes this provision touching the competency of certain persons to testify, viz:

" § 6. The following persons shall be incompetent to testify," &c. " Second, any assignor of an account, judgment, or thing in action, concerning facts occurring anterior to the assignment; nor shall any grantor, vendor or assignor in any deed, *instrument* or *writing*, affecting property, real, personal or mixed, or any claim or right therein or therefrom, be a competent witness to alter, change or qualify the proper effect and operation of the words and terms of such deed, instrument or writing."

The rejected deposition is the deposition of an assignor in an instrument or writing called an assignment which affects personal property, viz., a promissory note, and the evidence contained in the deposition tends to change or qualify the proper effect and operation of the words of the assignment by showing that they do not, according to their natural import, convey the title of the notes to the plaintiff, but fail to accomplish that result. The assignor is incompetent for this purpose. His evidence is in the teeth of the statute, and was therefore properly rejected by the court.

Our opinion does not rest upon the first clause of the sub-division cited, which excludes assignors called to testify to facts occurring anterior to the assignment. This branch of the section could not exclude the witness, because the facts about which he testifies are coeval with, not anterior to, the assignment; but we think there can be no room to doubt he comes within the exclusion of the second clause.

Let the judgment of the Common Pleas be affirmed; the other judges concurring.